

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00118-CR

———————————————

KAMBRESHA THOMAS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1683896D

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Kambresha Thomas attempts to appeal two trial court orders placing her on deferred adjudication for two counts of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2). But Thomas waived her right to appeal as part of her plea bargain with the State.

In a plea bargain case, a defendant may appeal only "(A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The trial court must file a certification of the defendant's right to appeal, clarifying whether the case involved a plea bargain and the defendant waived her right to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Here, the record documents accompanying Thomas's notice of appeal reflect that she pleaded guilty to two counts of aggravated assault with a deadly weapon, and as part of that plea bargain, she "g[a]ve up and waive[d] any and all rights of appeal in this case." The trial court entered orders in accordance with the terms of Thomas's plea bargain, and it signed a certification confirming that this "is a plea-bargain case, and the defendant has NO right of appeal."[1] *See* Tex. R. App. P. 25.2(a)(2), (d).

---

[1]Thomas, too, signed the certification. *See* Tex. R. App. P. 25.2(d) (stating that the certification "shall include a notice" to the defendant and the notice "shall be signed by the defendant").

Because a criminal appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record," Tex. R. App. P. 25.2(d), we contacted the parties and warned that we would dismiss the appeal unless a party wishing to continue it showed grounds for doing so. *See* Tex. R. App. P. 44.3. Thomas did not reply.

Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Sparks v. State*, No. 02-21-00188-CR, 2022 WL 488920, at *1–2 (Tex. App.—Fort Worth Feb. 17, 2022, no pet.) (mem. op., not designated for publication).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 14, 2022